# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY 10004
TEL. (718) 799-9111
CELL (551) 574-2659
FAX (718) 799-9171
jsalwen@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, Suite 10
Red Bank, NJ 07701

June 1, 2023

**Via ECF**

The Hon. Leda Dunn Wettre, United States Magistrate Judge
United States District Court for the District of New Jersey
50 Walnut Street, Newark, NJ 07102

**Re: *Schulman v. Zoetis, Inc.*, No. 22-cv-1351 (JXN)(LDW)**

Dear Judge Wettre:

    Our firm is counsel, with the National Women's Law Center and Kakalec Law PLLC, for Plaintiff Dr. Frances Yvonne Schulman in the above-referenced matter. We write, in accordance with the Court's March 28, 2023 Order and Amended Scheduling Order, ECF No. 54, to provide a status update for this case, which is scheduled for a telephonic status conference with Your Honor on June 8, 2023.

    As the Court is aware, Dr. Schulman, a veterinary pathologist, brings this action alleging that Defendants paid her substantially lower wages than men who performed the same job in violation of the Equal Pay Act, Title VII, and New Jersey anti-discrimination law. Defendants' partial motion to dismiss Dr. Schulman's New Jersey law claims is pending decision before Judge Neals.

    The parties continue to engage in discovery. Plaintiff's deposition was held on March 7, 2023.[1] Four depositions of Defendants' witnesses have been scheduled for June and July, 2023. The parties are working on scheduling another five depositions in that time, including a 30(b)(6) deposition.

    Plaintiff and Defendants have each served and responded to extensive document requests and interrogatories. Plaintiff has completed the medical record request authorizations requested by Defendants, and provided them to defense counsel. On May 16, 2023, Defendants sent

---

[1] Defendants have held Plaintiff's deposition open. If Defendants call Plaintiff back for additional deposition time, the parties will confer to try to agree about the scope and time remaining and, if need be, may request the Court's guidance.

Plaintiff a supplemental production of over 1,614 pages of documents responsive to Plaintiff's First Request for Production of Documents based on Defendants' review of electronically stored information (ESI).

Upon reviewing that supplemental production of ESI, Plaintiff sent Defendants a deficiency letter today, June 1, 2023, asking Defendants to 1) supplement the production with email attachments that appeared to have been omitted from the production; 2) remove improper redactions and, if necessary, provide a privilege log explaining any remaining redactions; and 3) remove an improper Attorney's Eyes Only designation. Plaintiff asked Defendants to respond to these requests within 14 days.

Additionally, Plaintiff has requested that Defendants confirm that documents Defendants have designated Attorney's Eyes Only can be used in the depositions of witnesses who authored or received the original document and in the 30(b)(6) deposition, as all documents Defendants produced are "known" to Defendants under F.R.C.P. 30(b)(6). The status of these documents must be resolved before depositions commence because Defendants have designated all salary information for employees other than Plaintiff as Attorney's Eyes Only documents, and the salaries of employees other than Plaintiff are critically important to Plaintiff's claims. *See* First Amended Complaint, ECF No. 52, ¶¶ 94-117.

Should we not be able to resolve these document issues after conferring with defense counsel, Plaintiff may need to seek the Court's intervention.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Julie Salwen
Julie Salwen, Esq. (040142008)
*Local Counsel for Plaintiff*

cc: All counsel of record via ECF