**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| FRANCES YVONNE SCHULMAN, | : |
| : | Civil Action No. 2:22-cv-01351 |
| Plaintiff, | : |
| vs. | : **ORAL ARGUMENT REQUESTED** |
| ZOETIS, INC. and ZOETIS REFERENCE LABS, LLC, | : |
| Defendants. | : |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION FOR RECONSIDERATION AND STAY**

---

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
Attorneys for Defendants

Of counsel and on the brief:
    Richard J. Cino, Esq.
    Robert J. Cino, Esq.

On the brief:
    Linda J. Posluszny, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

RELEVANT PROCEDURAL HISTORY .......................................................................... 3

LEGAL ARGUMENT ........................................................................................................ 5

POINT I ............................................................................................................................... 5

    RECONSIDERATION IS WARRANTED WHERE, AS HERE, KEY FACTUAL AND LEGAL ARGUMENTS WERE OVERLOOKED BY THE COURT. ........................................................... 5

POINT II .............................................................................................................................. 7

    SUMMARY JUDGMENT AS TO PLAINTIFF'S FEDERAL EPA CLAIM IS APPROPRIATE BECAUSE DEFENDANTS HAVE ESTABLISHED AN AFFIRMATIVE DEFENSE. ......................................... 7

POINT III ........................................................................................................................... 10

    SUMMARY JUDGMENT IS APPROPRIATE AS TO PLAINTIFF'S CLAIM UNDER THE NJEPA BECAUSE DEFENDANTS HAVE ESTABLISHED AN AFFIRMATIVE DEFENSE. ...................................................................... 10

POINT IV ........................................................................................................................... 12

    SUMMARY JUDGMENT IS ALSO APPROPRIATE AS TO PLAINTIFF'S TITLE VII AND LAD CLAIMS ......................................... 12

        A.   Summary Judgment Is Appropriate As To Plaintiff's Gender Discrimination Claim Under Title VII. ................................. 13

        B.   Summary Judgment Is Appropriate As To Plaintiff's Gender Discrimination Claim Under The LAD. ................................. 14

CONCLUSION ................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Arthur v. College of St. Benedict,
  174 F. Supp. 2d 968 (D. Minn. 2001) ...................................................................9, 10

Bento v. Plainfield Pub. Sch. Dist.,
  2022 N.J. Super. Unpub. LEXIS 2366 (App Div. Nov. 30, 2022) ..........................10

D'Argenzio v. Bank of Am. Corp.,
  877 F. Supp. 2d 202 (D.N.J. 2012) ..........................................................................6

Davis v. City of Newark,
  285 F. App'x 899 (3d Cir. 2008) .............................................................................14

Delaware Dep't of Health,
  865 F.2d 1408 (3d Cir. 1989)....................................................................................8

DeLong Corp. v. Raymond Int'l, Inc.,
  622 F.2d 1135 (3d Cir. 1980).....................................................................................6

Grigoletti v. Ortho Pharm. Corp.,
  118 N.J. 89 (1990) ..............................................................................................12, 13

Holston v. Sports Authority, Inc.,
  136 F.Supp.2d 1319 (N.D. Ga. 2000) .......................................................................7

Hubers v. Gannett Co.,
  2019 U.S. Dist. LEXIS 38725 (N.D. Ill. March 11, 2019)...................................9, 10

McDonnell Douglas Corp. v. Green,
  411 U.S. 792 (1973)...........................................................................................13, 14

Payne v. Goodman Mfg. Co., L.P.,
  726 F. Supp. 2d 891 (E.D. Tenn. 2010).....................................................................7

Perez v. Express Scripts, Inc.,
  2023 U.S. Dist. LEXIS 46270 (D.N.J. March 20, 2023)............................................6

Qin v. Vertex, Inc.,
  100 F.4th 458 (3d Cir. 2024) ...................................................................................12

Santana Products v. Bobrick Washroom Equipment,
  249 F. Supp. 2d 463 (M.D. Pa. 2003).......................................................................8

ii

Spiewak v. Wyndham Destinations, Inc.,
    2023 U.S. Dist. LEXIS 14473 (D.N.J. Jan. 26, 2023) ...........................................................14

Stanziale v. Jargowsky,
    200 F.3d 101 (3d Cir. 2000).....................................................................................................8

Student Public Interest Research Group v. Monsanto Co.,
    727 F. Supp. 876 (D.N.J. 1989) ...............................................................................................6

Walsh Secs., Inc. v. Cristo Prop. Mgmt.,
    2012 U.S. Dist. LEXIS 118331 (D.N.J. Aug 10, 2012).............................................................6

White v. City of Trenton,
    848 F. Supp. 2d 497 (D.N.J. 2012) ..........................................................................................5

Zulauf v. Stockton Univ.,
    2017 U.S. Dist. LEXIS 24457 (D.N.J. Feb. 22, 2017) .............................................................14

**Statutes**

Diane B. Allen Act ("NJEPA"),
        N.J.S.A. § 10:5-12(t)..................................................................................2, 3, 10, 11, 12

Equal Pay Act ("Federal EPA"),
    29 U.S.C. § 206(d), et seq...............................................................1, 2, 4, 7, 8, 14, 15

New Jersey Law Against Discrimination ("LAD"),
    N.J.S.A. § 10:5-1, et seq. .................................................................2, 3, 4, 5, 12, 13, 14, 15

Title VII of the Civil Rights Act of 1964, as amended ("Title VII")
    42 U.S.C. § 2000e, et seq.........................................................................2, 3, 4, 5, 12, 13, 14

**Other Authorities**

L. Civ. R. 7.1(i)...............................................................................................................5, 6

Fed. R. Civ. P. 56...............................................................................................................7

Fed. R. Civ. P. 59(e) .........................................................................................................6

## PRELIMINARY STATEMENT

In its May 6, 2025 Opinion and Order ("May 6 Opinion"), this Court overlooked the factual and legal evidence establishing a valid **affirmative** defense of Defendants, Zoetis, Inc. and Zoetis Reference Labs, LLC ("ZRL") (collectively, "Defendants") to Plaintiff, Dr. Frances Yvonne Schulman's ("Plaintiff"), equal pay act claim under the Federal Equal Pay Act, 29 U.S.C. § 206(d), et seq. ("Federal EPA"). Instead, this Court only considered whether Plaintiff established a prima facie claim under the Federal EPA by, inter alia, showing she performed "substantially equal work" to her two alleged comparators during her employment with ZRL. While the Court correctly concluded – **in addressing Plaintiff's partial summary judgment motion** – that she failed to establish a prima facie case under the Federal EPA, its analysis of **Defendants' cross motion** was, respectfully, incomplete. The inquiry should not have ended with Plaintiff's prima facie case. Rather, this Court should have considered the Defendants' affirmative defense, which entitles Defendants to judgment as a matter of law.

In their motion for summary judgment, Defendants argued that even if Plaintiff established a prima facie case of discrimination under the Federal EPA – **which this Court found Plaintiff did not** – summary judgment is still appropriate because Defendants established the fourth affirmative defense under the Federal EPA: that any pay disparity was attributable to a factor other than sex. The Court's failure to consider Defendants' affirmative defenses constitutes a clear error of law resulting in manifest injustice because these defenses, if proven, independently warrant summary judgment in Defendants' favor. The undisputed record evidence establishes that any pay disparity was not due to gender and did not perpetuate sex-based wage disparities. Rather, a legitimate, business decision was made to enter the market of diagnostic laboratory pathology services for animals, which would allow Zoetis, Inc. to compete with larger, established

1

competitors through its various subsidiaries. To achieve this initiative, Zoetis Lab Holdings, LLC acquired Phoenix Central Laboratory for Veterinarians, Inc. ("Phoenix") and ZNLabs, LLC ("ZNLabs"), and completed the purchase of certain assets of Ethos Veterinary Health, LLC ("Ethos"), which included Ethos' Pathologists.

ZRL (f/k/a Zoetis Lab Holdings, LLC) inherited the employees of Phoenix, ZNLabs and Ethos, as well as their previously set salaries. Even though the salaries of both male and female Ethos employees were generally higher than those of ZNLabs and Phoenix, ZRL – after the period it was contractually obligated to maintain salaries – made the business decision not to reduce ***any*** of the legacy Ethos employee salaries with no consideration of gender. There is no factual dispute that the business decision to acquire the Ethos assets accounted for the ***entire*** wage differential between Plaintiff and the other Ethos Pathologists, including the two identified comparators. Plaintiff does not dispute this was a ***gender-neutral*** decision applied uniformly to men and women. Importantly, the decision was not based on and does not perpetuate a difference in compensation based on sex, as ZRL did not reduce the salaries of the acquired female Ethos Pathologists, all of whom made significantly more than those individuals of ZNLabs and Phoenix – male and female. Because the facts and evidence clearly establish a valid affirmative defense, Defendants are entitled to summary judgment as a matter of law as to Plaintiff's Federal EPA claim.

Defendants respectfully submit the Court also overlooked the factual and legal evidence supporting their motion for summary judgment as to Plaintiff's equal pay act claim under New Jersey's Diane B. Allen Equal Pay Act, N.J.S.A. § 10:5-12(t) ("NJEPA"), and gender discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12, et seq. ("LAD"). In its May 6 Opinion, this Court only considered whether Plaintiff established the prima

2

facie elements of NJEPA, Title VII and LAD claims.  As with the Federal EPA claim, however, the inquiry does not end there.  Rather, the Court was required to continue to the next step in the burden-shifting framework, i.e., whether any pay disparity was based on a factor other than gender.  The evidence presented at summary judgment satisfies this burden.  Accordingly, summary judgment as to Plaintiff's NJEPA, Title VII and LAD claims was appropriate.

Finally, Defendants also respectfully request a stay of the May 6 Opinion pending disposition of this motion.  Requiring the parties to prepare for trial when the evidence is so clearly in Defendants' favor will cause irreparable harm and disruption to the parties and the Court.

## RELEVANT PROCEDURAL HISTORY[1]

Defendants filed a motion for summary judgment on April 26, 2024, seeking dismissal of Plaintiff's Amended Complaint, which asserted claims under the Federal EPA, NJEPA, Title VII and LAD.  See ECF No. 106.  On that same date, Plaintiff likewise filed a motion for partial summary judgment as to her Federal EPA, NJEPA and LAD claims.  See ECF Nos. 109-114.  On May 17, 2024, Defendants filed an opposition to Plaintiff's motion for partial summary judgment, see ECF Nos. 119 and 120, and Plaintiff filed an opposition to Defendants' motion for summary judgment, see ECF Nos. 125 and 126.  On May 31, 2024, both parties' motions were fully briefed after the filing of reply papers.  See ECF Nos. 127-132.

In the May 6 Opinion, the Court denied both parties' motion for summary judgment.  See May 6 Opinion, ECF No. 141.  With respect to Plaintiff's motion, the Court thoroughly examined whether Plaintiff established the alleged comparators were "doing 'substantially equal' work" and

---

[1] In support of their motion for reconsideration, Defendants rely on the Statement Of Undisputed Material Facts ("SOMF"); and Defendants' Response to Plaintiff's Statement of Material Facts ("DRSOF"); and Defendants' Response to Plaintiff's Counterstatement of Facts.  See ECF Nos. 106-2, 119-1, and 127-1, respectively.

"paid more than her because they are men." See May 6 Opinion, p. 4.  The Court performed its own "substantially equal analysis" and concluded, "the Plaintiff has not established *as a matter of law* that the Coworkers were doing 'substantially equal' work – her summary judgment motion as to the federal Equal Pay Act claim must therefore be denied." Id. (emphasis added).

The Court further concluded, "summary judgment cannot be awarded to any party" because "the remaining claims all turn on a variant of the question that is fundamental to the federal Equal Pay Act claim --- namely, whether *anyone* has established as a matter of law that the Plaintiff and the Coworkers were doing 'substantially equal' work." Id. (emphasis added). The Court also observed, however, this burden, i.e., the burden to establish Plaintiff "and her proffered comparators did 'substantially equal work,'" was Plaintiff's burden alone. Id., pp. 4-5, 9. In fact, the Court specifically noted, "Defendants do not bear the burden on any of the claims pressed . . . by the Plaintiff." Id., at p. 10.  The Court determined Plaintiff failed, as a matter of law, to meet this burden. Id., pp. 9-10.

With respect to Defendants' motion for summary judgment, despite previously noting it was Plaintiff's burden, the Court found "Defendants' evidence is not enough as a matter of law" to show Plaintiff did not do "substantially equal" work to that of the identified comparators. Id., p. 23.  Thus, in denying Defendants' summary judgment motion, the Court placed a burden on Defendants that is solely Plaintiff's and failed to consider the evidence showing that, even *if* Plaintiff had established a prima facie Federal EPA claim, Defendants were nonetheless entitled to judgment because they established an affirmative defense. Id.

The Court extended this same analysis to the remaining claims asserted by Plaintiff under the NJEPA, Title VII and LAD, finding summary judgment must be denied because "each of the statutes cited requires a 'substantially equal'-style comparison between the Plaintiff and her

4

comparators.  Id., p. 24.  While taking the position that the burden to establish "substantially equal work" was at all times with Plaintiff, the Court contradicted this position stating:

> . . . summary judgment cannot be granted to Defendants, either, because they have not shown they are 'entitled to relief as a matter of law.'
>
> And all of this means that summary judgment cannot be awarded to any party here as to the remining claims, either.
>
> This is because the remaining claims all turn on a variant of the question that is fundamental; to the federal Equal Pay Act law that the Plaintiff and the Coworkers were doing 'substantially equal' work.

Id., p. 4.[2]  More importantly, as with the Federal EPA claim, the Court denied Defendants' summary judgment motion without considering the evidence showing that, even if Plaintiff had established a prima facie NJEPA, Title VII or LAD claim, Defendants were nonetheless entitled to judgment because they established a valid, affirmative defense to the claims.  Id., pp. 23-24.

## LEGAL ARGUMENT

### POINT I

### RECONSIDERATION IS WARRANTED WHERE, AS HERE, KEY FACTUAL AND LEGAL ARGUMENTS WERE OVERLOOKED BY THE COURT.

L. Civ. R. 7.1(i) "creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." White v. City of Trenton, 848 F. Supp. 2d 497, 500 (D.N.J.

---

[2] Likewise, in the Opinion, the Court inexplicably fails to dismiss Zoetis Inc. from this case despite Plaintiff's affirmative burden to establish these claims as to Zoetis Inc., which was admittedly never her employer.  (May 6 Opinion, p. 3 n. 5).  The Court further states that, "Defendants have also questioned whether the Parent Company Defendant is properly in this case," and opines that "renewed and fuller briefing will be necessary."  (Id., p. 24).  This statement underscores Plaintiff's failure to establish her claims against Zoetis Inc. as a matter of law following the close of discovery.  Dismissal is the appropriate course, not affording Plaintiff a second bite at the apple.

5

2012); DeLong Corp. v. Raymond Int'l, Inc., 622 F.2d 1135, 1140 (3d Cir. 1980). Reconsideration is particularly appropriate where the moving party establishes "(1) an intervening change in controlling law; (2) the availability of new evidence[]; or (3) the need to correct a clear error of law or prevent manifest injustice." Walsh Secs., Inc. v. Cristo Prop. Mgmt., 2012 U.S. Dist. LEXIS 118331 (D.N.J. Aug 10, 2012).   Here, the Federal EPA's statutory framework mandates consideration of affirmative defenses and the omission of such analysis deprived Defendants of a critical opportunity for resolution of this matter, thus meeting the threshold for reconsideration under Fed. R. Civ. P. 59(e).

Reconsideration is designed to address situations where "dispositive factual matters or controlling decision of law" were presented to the court but overlooked. D'Argenzio v. Bank of Am. Corp., 877 F. Supp. 2d 202, 206-07 (D.N.J. 2012).  When a party asserts that the Court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the Court. See L. Civ. R. 7.1(i); see also Student Public Interest Research Group v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989) (granting motion for reconsideration where the court inadvertently overlooked a responsive brief); Perez v. Express Scripts, Inc., 2023 U.S. Dist. LEXIS 46270 (D.N.J. March 20, 2023) (granting motion for reconsideration to prevent manifest injustice where the court failed to consider a legal argument advanced by the defendant).  In this matter, reconsideration is necessary to prevent manifest injustice as the May 6 Opinion did not consider Defendants' affirmative defenses, which are dispositive and, if proven, would end this litigation.  Even so*, Plaintiff failed to establish her prima facie case and, therefore, Defendants are not required to provide further justification and Plaintiff's claims should not proceed*.  The Court cannot conclude Plaintiff failed to meet her burden for purposes of her summary judgment motion but did so for purposes of Defendants'

6

motion based on the same set of facts. Fed. R. Civ. P. 56 "mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial." Holston v. Sports Authority, Inc., 136 F.Supp.2d 1319, 1324 (N.D. Ga. 2000) citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Here, the Court has already found that Plaintiff has not established her prima facie case as a matter of law. Accordingly, Defendants' motion for summary judgment should be granted in its entirety due to Plaintiff's failure and because, for the reasons set forth below and in Defendants moving papers, Defendants have independently established a valid affirmative defense to Plaintiff's claims, which also warrants summary judgment.

## POINT II

### SUMMARY JUDGMENT AS TO PLAINTIFF'S FEDERAL EPA CLAIM IS APPROPRIATE BECAUSE DEFENDANTS HAVE ESTABLISHED AN AFFIRMATIVE DEFENSE.

The Court denied Defendants' summary judgment motion holding Defendants could not show Plaintiff and her Coworkers did not do "substantially equal" jobs. (May 6 Opinion, p. 23). However, this burden, i.e., the burden to establish that Plaintiff "and her proffered comparators did 'substantially equal work,'" is Plaintiff's burden alone. Id., pp. 4-5, 9.

While Defendants respectfully submit Plaintiff's failure to meet her prima facie case should result in summary judgment in Defendants' favor, if this Court disagrees, it still was required to further evaluate the Federal EPA for purposes of summary judgment. Indeed, Defendants are entitled to summary judgment **because they can establish an affirmative defense**. See Payne v. Goodman Mfg. Co., L.P., 726 F. Supp. 2d 891, 909 (E.D. Tenn. 2010) ("[e]ven when there exists a genuine dispute regarding the plaintiff's prima facie case under the Equal Pay Act, the defendant may still be entitled to summary judgment by proving one of the affirmative defenses[.]").

As set forth in Defendants' moving papers (see ECF No. 106, pp. 8-11), Defendants have established "so clearly that no rational jury could find to the contrary" that any pay differential was based on a factor other than sex. Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (citing Delaware Dep't of Health, 865 F.2d 1408, 1414 (3d Cir. 1989). Had the evidence supporting this affirmative defense been properly considered by the Court, Defendants' summary judgment motion would have been granted as to the Federal EPA, as well as all other claims asserted by Plaintiff. See Santana Products v. Bobrick Washroom Equipment, 249 F. Supp. 2d 463, 467 (M.D. Pa. 2003) (addressing the Court's obligation to consider and address all dispositive issues, including affirmative defenses, in connection with summary judgment motions).

Specifically, the Federal EPA allows an employer to pay individuals of the opposite sex differently if such payment is made pursuant to, among other things, "*a differential based on __any other factor__ other than sex*." 29 U.S.C. § 206(d) (emphasis added). This statutory language establishes a burden-shifting paradigm, which requires that Plaintiff first **establish** a prima facie claim of wage discrimination based on sex. See Stanziale, 200 F.3d at 107. Here, as the Court held, Plaintiff failed to meet her burden. Notwithstanding, Defendants can still avoid liability by establishing one of the affirmative defenses included in the statute. Id.

In their moving papers, Defendants pointed to the record evidence to establish the fourth affirmative defense under the Federal EPA: a differential based on factors other than sex. Indeed, the facts establish:

- Plaintiff was hired as a full-time Anatomic Pathologist by ZNLabs earning $125,000 annually in or about September 2020. (SOMF, ¶¶ 53, 54, 58). The Director of Anatomic Pathology at ZNLabs made the salary decision with respect to Plaintiff, and Plaintiff has set forth no evidence to suggest this decision was in any way discriminatory. (Id., ¶ 31). At the time of her hiring, Plaintiff's salary was higher than the majority of her ZNLabs colleagues, see Opinion, p. 15 n.15, both male and female. (Id., ¶ 55).

8

- The salary decisions with respect to the two named male comparators in Plaintiff's Amended Complaint, were made by Ethos' Chief Medical Officer, years before the asset purchase and subsequent Integration on January 1, 2021. (Id., ¶¶ 123-28).

- Any pay disparity was created by and through the Integration of three distinct companies acquired by ZRL with three different approaches to compensation. There is no evidence to suggest any of the approaches was discriminatory and, in fact, the Ethos Pathologists, male and female, were paid higher than the other acquired entities' Pathologists. (Id., at ¶¶ 114-120, 146, 177, 178).

- Prior to Integration, the compensation of colleagues acquired from ZNLabs, Phoenix, and Ethos, was reviewed and analyzed and a pay equity analysis was completed. (Id., ¶¶ 84-99). **The analysis revealed *all* Ethos colleagues, both male and female, were paid substantially more than colleagues at ZNLabs and Phoenix**. (Id.).

- The decision was made not to lower the compensation of the Ethos colleagues for at least two reasons. First, the Asset Purchase Agreement and Transition Services Agreement between ZNLabs and Ethos required the salary of any Ethos employee be maintained for a period of no less than twelve (12) months following the purchase. (Id. at ¶¶ 18, 19). Second, there was concern that reducing fixed pay would hinder ZRL's ability to retain the acquired employees, which was crucial to building up the new business unit and an express goal of the acquisitions. (Id., at ¶¶ 71-74, 78-81, 87-93).

- The "business needs" specific to the Integration included a focus on retaining employee talent to assist with the early development and growth of ZRL to allow it to compete with larger, more established competitors. Indeed, a key objective for Integration, as early as October 2020, was to **"retain colleagues needed to achieve acquisition goals."** (Id., ¶ 80). Because diagnostic laboratory services was a new venture for ZRL, talent retention was vital. (Id., ¶¶ 71-74, 78-81, 87-93).

Under these circumstances, the decision to "grandfather" and not change the salaries of Ethos legacy employees, which were set by Ethos prior to the acquisition, was a business decision and a legitimate factor other than sex for any resulting pay disparity following Integration. The "grandfathering" of a salary that results in a pay disparity due to a merger or acquisition has been held a legitimate factor other than sex sufficient to justify any disparity. This was best illustrated by Arthur v. College of St. Benedict, 174 F. Supp. 2d 968 (D. Minn. 2001) and Hubers v. Gannett

<u>Co.</u>, 2019 U.S. Dist. LEXIS 38725 (N.D. Ill. March 11, 2019),[3] wherein the Court declined to find

a violation of the Federal EPA. Here, the same result as in <u>Arthur</u> and <u>Hubers</u> is warranted and,

following reconsideration, Defendants' summary judgment motion should be granted.

## POINT III

### SUMMARY JUDGMENT IS APPROPRIATE AS TO PLAINTIFF'S CLAIM UNDER THE NJEPA BECAUSE DEFENDANTS HAVE ESTABLISHED AN AFFIRMATIVE DEFENSE.[4]

In the May 6 Opinion, this Court determined that summary judgment as to Plaintiff's

NJEPA claim was not warranted because the parties did not adequately present a "substantially-

equal"-style comparison between Plaintiff and her comparators. (May 6 Opinion, p. 24).  First, this

was not Defendants' burden and Plaintiff's failure to establish her <u>prima facie</u> case should be fatal

to her claim.  Notwithstanding, assuming Plaintiff could adequately meet the "substantially-equal"

comparison demanded by the Court, this would not end the analysis with respect to Defendants'

motion for summary judgment as to Plaintiff's NJEPA claim.  This Court must consider

Defendants proffered affirmative defenses.  <u>See</u> <u>Bento v. Plainfield Pub. Sch. Dist.</u>, 2022 N.J.

Super. Unpub. LEXIS 2366 (App Div. Nov. 30, 2022) (upholding the trial court's dismissal of the

plaintiff's NJEPA claim on summary judgment finding the defendant established each of the

---

[3] <u>Arthur</u> and <u>Hubers</u> are discussed at length in Defendants' moving papers.  <u>See</u> ECF No. 106.

[4] In the May 6 Opinion, the Court found that Defendants did not explain how the differences between New Jersey law and New Hampshire law could alter the "bottom-line result in this case," and thus a choice-of-law analysis was not triggered.  (May 6 Opinion, pp. 23-24, n. 20).  In reaching this conclusion, the Court overlooked the factual and legal analysis set forth in Defendants' summary judgment motion papers showing that an actual conflict exists between New Jersey and New Hampshire equal pay laws that would change the "bottom-line result in this case," including differences in the requirements for administrative exhaustion, statutes of limitations, and available remedies.  Further, with respect to each state's equal pay laws, the applicable standards of proof and available defenses are different.  These differences create an actual conflict of law. (<u>See</u> ECF No. 106).

factors entitling it to an affirmative defense), certif. denied, 2023 N.J. LEXIS 624 (May 31, 2023).

Here, Defendants have set forth factual and legal evidence, see ECF No. 106, that establishes all five of the requisite factors within the second affirmative defense under the NJEPA, N.J.S.A. § 10:5-12(t):

1. First, there is no dispute the pay differential was based on a legitimate, bona fide factor other than sex. The alleged pay disparity was the direct result of the acquisition and integration of Phoenix, ZNLabs, and Ethos to create ZRL. (SOMF, ¶¶ 71-74, 78-81, 92-93).

2. Second, it is clear the wage differential was not based on and does not perpetuate a wage differential based on sex. It is not disputed each of the entities integrated into ZRL – Phoenix, ZNLabs, and Ethos – had different approaches to compensation. (Id., ¶ 77). There is no evidence to establish, insinuate, or otherwise suggest the prior pay practices at any of the three acquired entities were discriminatory, including and especially Ethos. Rather, the wage differential was attributable to the irrefutable fact that all Ethos colleagues, **both male and female**, were paid substantially more than colleagues at ZNLabs and Phoenix, including, but not limited to, Plaintiff. (Id., ¶¶ 62-99, 114-162, 173-187). Thus, the acquiring of Ethos Pathologists, who were all paid significantly higher, does not perpetuate a wage differential *based on* sex. It is not disputed the Ethos salaries were outliers and were not used to set compensation at ZRL going forward. (DRSOF, ¶¶ 83, 90, 92). This is confirmed by the fact ZRL has not hired any Pathologist at the level of legacy Ethos salaries since January 1, 2021.

3. Third, ZRL's business decision of acquiring and integrating the three labs was applied reasonably. ZRL's decision not to reduce legacy Ethos pay was gender neutral. (Id., ¶¶ 70-99). ZRL's decision not to raise any Pathologists' salaries, including Plaintiff's, following the March 2021 pay equity review was gender neutral. (Id., ¶¶ 151-162, 173-187). Finally, ZRL's decision to address the disparity through time and attrition was gender neutral. (DRSOF, ¶¶ 83, 90, 92).

4. Fourth, it cannot be disputed the three acquisitions account for the entire wage differential as but for the Integration, there would be no wage differential. (Id., ¶¶ 7-24, 62-162, 173-187).

5. Fifth, and finally, any wage differential was based on the decision to not reduce the salaries of any Ethos colleagues. (Id., ¶¶ 97-99, 115). This approach is consistent with the express terms of the statute, which provides, "[a]n employer who is paying a rate of compensation in violation of this subsection shall not reduce the rate of compensation of any employee in order to comply with this subsection." N.J.S.A. § 10:5-12(t). ***The evidence further establishes there were no reasonable "alternative business practices that would serve the same business purpose***

11

*without producing the wage differential*." Id. (emphasis added). Specifically, increasing only Plaintiff's salary does nothing to rectify the multiple gender-neutral pay discrepancies resulting from Integration **that would continue to exist** even if Plaintiff's salary was raised.

Accordingly, because Defendants have established the affirmative defense under the NJEPA, dismissal of this claim on summary judgment is warranted.

## POINT IV

### SUMMARY JUDGMENT IS ALSO APPROPRIATE AS TO PLAINTIFF'S TITLE VII AND LAD CLAIMS

The May 6 Opinion also concluded that summary judgment as to Plaintiff's Title VII and LAD claims was not warranted because the parties did not adequately present a "substantially-equal"-style comparison between Plaintiff and her comparators. (May 6 Opinion, p. 24). The Court then cites to Qin v. Vertex, Inc., 100 F.4th 458, 474 (3d Cir. 2024) and Grigoletti v. Ortho Pharm. Corp., 118 N.J. 89, 109-110 (1990) in support. These cases, however, underscore that the analysis for purposes of a summary judgement motion does not end with Plaintiff's burden of establishing a prima facie case.

In Qin, the Third Circuit found that the plaintiff established a prima facie case of discrimination. Qin, 100 F.4th at 474. The Third Circuit, however, did not end the inquiry there. Id. Rather, it continued to the next step in the burden-shifting framework: whether the defendant articulated "a legitimate, non-discriminatory reason for the . . . employment action." Id. Similarly, in Grigoletti, the Court noted that, when there is a claim of unequal pay, "[i]f there is some other, proper reason for the seeming inequality, it is the employer who, uniquely, is in a position to know the reason, and it is only fair to require the employer to persuasively articulate that reason and dispel the inference of invidious discrimination . . . and it is appropriate to shift the burden of proof to the employer to show why the court should not determine that its practices are discriminatory."

12

Thus, even if Plaintiff could adequately meet the "substantially-equal" comparison demanded by the Court, which the Court has already concluded she did not, see May 6 Opinion, p. 24, this does not end the analysis with respect to Defendants' motion for summary judgment as to Plaintiff's Title VII and LAD claims, which are both based entirely on her allegations that a pay disparity existed between herself and the purported comparators. During her deposition, Plaintiff unequivocally conceded that other than being paid less than the alleged comparators, she was not discriminated against because of her gender at any time during her employment with ZRL. (SOMF, ¶ 202). This singular allegation of pay disparity is insufficient to establish a gender discrimination claim under Title VII and/or the LAD.

A. **Summary Judgment Is Appropriate As To Plaintiff's Gender Discrimination Claim Under Title VII.**

Title VII claims are evaluated using the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, Plaintiff bears the burden of first establishing a prima facie case of discrimination. Id. at 802-03. The burden then shifts to Defendants to produce a legitimate, non-discriminatory reason for the treatment of Plaintiff by "showing that the wage differential resulted from a factor other than sex," which Defendants have clearly done in this matter. See Grigoletti, 118 N.J. at 103 (citations omitted). Importantly, defenses available to Defendant to rebut the prima facie showing include, but are not limited to, the defenses available to employers under the Federal EPA. See Grigoletti, 118 N.J. at 103 (noting that, while Title VII incorporates the EPA defenses, a defendant is not limited to these defenses in rebutting a plaintiff's prima facie case). Title VII provides that it is not unlawful for an employer "to differentiate upon the basis of sex in determining the amount of the wages or compensation paid or to be paid to employees of such employer if such differentiation is authorized by the provisions of section 206(d) of Title 29." 42 U.S.C. §2000e-2(h). Here, Defendants have clearly

13

established that any wage differential was based on a factor other than sex, namely it was the direct result of the acquisitions and integration of ZNLabs, Phoenix and certain assets of Ethos.  (SOMF, ¶¶ 7-24, 62-162, 173-187).  Again, it is undisputed Ethos simply had different and much higher pay practices than ZNLabs and Phoenix for both male and female employees.  (Id., ¶¶ 77, 87, 90, 114-120, 137, 160, 177, 185-186).

Because Defendants have established an affirmative defense to the wage differential, Plaintiff must submit evidence that Defendants' explanation is a pretext for discrimination. McDonnell Douglas Corp., 411 U.S. at 804-05.  ***The ultimate burden of proving that the employer engaged in unlawful discrimination remains at all times with the plaintiff.***  See Davis v. City of Newark, 285 F. App'x 899, 903 (3d Cir. 2008).  Here, Plaintiff has not and cannot meet this burden. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's Title VII claim.

**B.**       **Summary Judgment Is Appropriate As To Plaintiff's Gender Discrimination Claim Under The LAD.**

Claims of gender discrimination under the LAD based on the payment of unequal wages are generally analyzed under the same framework applicable to claims under the Federal EPA. See Spiewak v. Wyndham Destinations, Inc., 2023 U.S. Dist. LEXIS 14473, at *26-27 (D.N.J. Jan. 26, 2023) ("[]LAD claims based on gender discrimination in wages are analyzed under the [Federal] EPA or Title VII framework").  In Zulauf v. Stockton Univ., 2017 U.S. Dist. LEXIS 24457, at *19 (D.N.J. Feb. 22, 2017), the Court set forth in detail the New Jersey Supreme Court's holding with respect to the standard to be applied to such claims.  The Court noted:

> . . . in a case brought under the LAD presenting a gender-discrimination claim based on the payment of unequal wages for the performance of substantially equal work, the standards and methodology of the EPA [Equal Pay Act] should be followed. These encompass the elements that comprise both a prima facie case and the corresponding transfer of the burden of proof. . . . If the complainant establishes a case of 'substantially equal' work that is

14

> compensated at different rates of pay, then the defendant has the burden of proof to establish by a preponderance of the evidence the affirmative defenses delineated under the EPA and incorporated into Title VII to overcome the charge of unlawful discrimination.
>
> We further determine that if such a complainant in an action brought under the LAD based on gender-discrimination fails to satisfy the standards of a prima facie case of 'substantially equal' work, as prescribed by the EPA, but the evidence demonstrates a lesser degree of job similarity that would nonetheless satisfy the less-exacting standards of a prima facie case under Title VII, **the burden that shifts to the defendant should be only the burden of production or explanation.**

Id. (citing Grigoletti, 118 N.J. at 109-10 (emphasis added)).  Applying this standard here, Plaintiff's unequal pay claim under the LAD is subject to dismissal.  As set forth in Point II, supra, this Court found that Plaintiff did not establish a prima facie case of "substantially equal" work. Moreover, Defendants can satisfy the fourth affirmative defense under the Federal EPA: any pay disparity was attributable to a factor other than sex.

## CONCLUSION

For the reasons set forth herein, as well as in its summary judgment papers (ECF Nos. 106 and 127), Defendants respectfully request this Court reconsider the May 6 Opinion (ECF No. 141) by granting Defendants' summary judgment motion and dismissing Plaintiff's Amended Complaint in its entirety with prejudice.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922

By:    */s Robert J. Cino*
Richard J. Cino
Robert J. Cino
Attorneys for Defendants

Dated: May 20, 2025
4903-9006-7013, v. 1

15